IN THE UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 9 2022

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

ANGELA BRASWELL ARMSTRONG                                         PLAINTIFF

VS.                              CASE NO.  4:21-CV-01082

THE BOARD OF TRUSTEES OF THE UNIVERSITY
OF ARKANSAS, A Body Politic and Corporate                          DEFENDANT

## AMENDED COMPLAINT

### Introduction

        This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e *et seq*. (Title VII of

the Civil Rights Act of 1964, as amended), in order to recover damages against the defendant for

the unlawful discriminatory employment practices that the plaintiff Angela Braswell Armstrong,

has been subjected to all on account of her sex.   The plaintiff also brings this action against the

defendant pursuant to 42 U.S.C.S. § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as

amended), seeking damages against the defendant due to retaliatory treatment that she was

subjected to after having complained about discriminatory treatment.   This is an action for

declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations

between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

### I.
### Jurisdiction

        1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331,

1343, 1391, 42 U.S.C. §§ 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended).

2.     The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in the County of Pulaski.

II.
Parties

3.     The plaintiff Angela Braswell Armstrong is an African American female, and is a resident of the United States of America.

4.     The defendant Board of Trustees of the University of Arkansas by statute has been entrusted with the policy making decisions for the University of Arkansas (UA), including the University of Arkansas at Little Rock (UALR), and pursuant to Ark. Code Ann. § 6-64-202 is a body politic and corporate.  For purposes of this cause of action, and pursuant to Ark. Code Ann. § 6-64-202, the defendant Board of Trustees of the University of Arkansas manages and controls the University of Arkansas at Little Rock (UALR).

5.     The defendant Board of Trustees of the University of Arkansas is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

III.
Facts

6.     Angela Braswell Armstrong was formerly employed by the University of Arkansas at Little Rock (UALR).

7.     Ms. Armstrong was initially hired by UALR in 2012 as a part-time adjunct instructor.

8.     In June 2016, the plaintiff was hired as the Community Health Program Coordinator for the University District Development Corporation, which is a non-profit associated with UALR.

9.     On October 1, 2018, the plaintiff was hired to work part-time (30 hours per week) by UALR to perform the same job duties as the Community Health Program Coordinator.

2

10.     Barrett Allen, who is an African American male serves as the Executive Director for the University District Development Corporation (University District).

11.     Ms. Armstrong worked the healthy initiative side of the University District Development Corporation, while Mr. Allen worked on the community development side.

12.     While working under the supervision of Mr. Allen, Ms. Armstrong would experience harassing type behavior such as having her pay check upheld by Mr. Allen.

13.     Ms. Armstrong also experienced sexually harassing behavior from Mr. Allen, who would often get up close to Ms. Armstrong, invading her personal space.

14.     Despite Ms. Armstrong constantly having to tell Mr. Allen to get back, and to stop invading her personal space, he would continue to do so.

15.     Ms. Armstrong and Mr. Allen were the only two (2) people who worked in the University District Development Corporation office.

16.     Ms. Armstrong came to work on Tuesdays, Wednesdays, and Thursdays, working twenty (20) hours per week.

17.     However, in October 2018, Mr. Allen requested that Ms. Armstrong start working thirty (30) hours per week, which included her working on Mondays also.

18.     It was in October 2018, that Ms. Armstrong went to the UALR/University District budget to get paid.

19.     In September 2019, the Community District held a function for the Board of Directors, there was a dance and other social activities. Ms. Armstrong was responsible for putting the function together.

20.     Once the function was over, Mr. Allen came into the plaintiff's office, and closed the blinds, telling her that she had done a great job, and wanted to hug the plaintiff, which she

3

turned sideways and gave him a half embrace; however, Mr. Allen insisted on getting a full embrace, which she tried to resist, but was unable to do so.

21.     Ms. Armstrong was upset and began to cry over this unsolicited and unwanted sexual advance by Mr. Allen.

22.     Other types of sexual harassing conduct that Ms. Armstrong had to endure at the hands of Mr. Allen consisted of unwanted touching, he would make comments about her body, stating that she had gotten "thick" over the holidays.  Mr. Allen would also comment to Ms. Armstrong that "hey, you got your heels on today."   Mr. Allen would repeatedly follow Ms. Armstrong, walking closely behind her.

23.     After the above-mentioned sexually harassing conduct, Ms. Armstrong tried to stay out of Mr. Allen's presence, spending a lot of time in the community garden that was operated by the Community District.

24.     The community garden is located at or near 24th and Monroe Streets, in Little Rock, Arkansas.

25.     Due to the sexually harassing conduct of Mr. Allen, which was severe and/or pervasive, causing the plaintiff's workplace to be adversely impacted to a point that it negatively affected a term, condition, or privilege of her employment, she had to file a sexual harassment complaint with her employer, which she did on July 15, 2020.

26.     Due to the plaintiff's complaint of sexual harassment, Mr. Allen agreed to complete training on sexual harassment and leadership training.

27.     The plaintiff agreed to follow the informal process of the complaint process, in exchange for Mr. Allen agreeing to complete training on sexual harassment, and the complaint was dismissed.

4

28.     However, once Mr. Allen completed the above-mentioned training, and the complaint was dismissed, the plaintiff became the target of retaliatory conduct.

29.     In September 2020, while UALR was on lockdown restrictions due to COVID-19, the plaintiff was required to start coming back to work by Mr. Allen, who required the plaintiff to work a hybrid schedule – ½ day remote and ½ day in person.

30.     Also, during the time of September 2020, the plaintiff was experiencing COVID-19 symptoms, and was not able to be seen by a doctor.

31.     Despite the fact that the plaintiff was experiencing COVID-19 symptoms, Mr. Allen forced her to return to work, against Centers for Disease Control and Prevention (CDC) protocols.

32.     On October 8, 2020, Mr. Allen sent Ms. Armstrong a directive, telling her that she needed to keep her office door opened. This allowed Mr. Allen to have entrance into Ms. Armstrong's office, without having to knock, and in many cases without her being aware of his entrance.

33.     Mr. Allen then started coming into Ms. Armstrong's office, again invading her space, looking over her shoulders, and getting real close to her, when Ms. Armstrong had told him several times that she felt uncomfortable with that type of behavior.

34.     Mr. Allen then started sabotaging the plaintiff's work, and even started assigning her more responsibilities that could not get done on a part time work schedule.

35.     Mr. Allen would oftentimes become belligerent and hostile towards the plaintiff, yelling at her, and pointing his finger in her face telling her that "your job is to do what I tell you to do!"

36.     On or about November 20, 2020, the plaintiff reported these incidents to Mr. Allen's supervisor Joni Lee, who then told the plaintiff that she would start reporting to her, rather than Mr. Allen.

37.     After reporting this harassing behavior to Ms. Lee, the plaintiff's hours were cut from 30 hours per week to 20 hours per week.

38.     The plaintiff was told that she would work from home.

39.     The plaintiff was also told by Ms. Lee that she would no longer perform administrative functions, and that her position would be eliminated as of June 30, 2021.

40.     The plaintiff was never given a reason as to why her position was being eliminated.

## IV.
### Hostile Work Environment

41.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 40, supra., inclusive as though set forth herein word for word.

42.     The plaintiff was subjected to a hostile work environment on account of her sex.

43.     The plaintiff was subjected to unwelcomed, and unwanted sexual hostility on several occasions, such as repeatedly having her personal space invaded, unwanted touching, sexual innuendos, and harassing comments by her supervisor Barrett Allen.

44.     This harassing conduct by Mr. Allen was so pervasive and/or was sufficiently severe that it affected the plaintiff's terms and conditions of her employment with the defendant, that it made her work environment almost intolerable.

45.     Due to the sexual harassment that the plaintiff had to endure, she was forced to file a complaint with the defendant.

46.     Despite the fact that the defendant was aware of the sexual harassment that the plaintiff had to endure, it failed to take effective remedial action to remedy the plaintiff's work environment.

47.     The defendant forced the plaintiff to work in the same environment that led to having to file a claim of sexual harassment.

48.     The above-mentioned conduct constitutes sexual harassment and sex discrimination, in violation of 42 U.S.C.S. § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended).

V.
Retaliation

49.     The plaintiff incorporates by reference the allegations contained in paragraphs 1-48 of the plaintiff's complaint, and adopts each as if set out herein word for word.

50.     On July 15, 2020, the plaintiff filed a complaint of sexual harassment with the defendant due to the sexually harassing conduct of Mr. Allen.

51.     However, after filing the complaint of sexual harassment, the plaintiff became the target of retaliatory conduct as committed by Mr. Allen.

52.     Mr. Allen started a campaign of demeaning the plaintiff, assigning her a heavy workload, yelling at the plaintiff, and requiring the plaintiff to come to work despite having COVID-19 symptoms, and also required the plaintiff to work in-person when the rest of the campus was allowed to work remotely.

53.     Furthermore, the defendant decided to terminate its relationship with the plaintiff by terminating her effective June 30, 2021.

54.     The above-mentioned conduct constitutes unlawful retaliation, in violation of 42 U.S.C.S. § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended).

7

VIII.
Procedural Requirement

55.    The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 54, supra., inclusive as though set forth herein word for word.

56.    On April 5, 2021, the plaintiff filed a Charge of Discrimination (No. 493-2021-00266) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against in terms and conditions of her employment with the defendant, when she was subjected to sexual harassment, and was later retaliated against for having complained about sexual harassment in violation of Title VII of the Civil Rights Act of 1964 (as amended). **(See Charge of Discrimination attached herein as Plaintiff's Exhibit "A")**.

57.    In response to the plaintiff's Charge of Discrimination that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated August 16, 2021, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter.  **(A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B")**.

58.    The plaintiff has met the statutory requirement of filing this complaint within ninety (90) days after receiving the "Dismissal and Notice of Rights" letter.

IX.
Damages

59.    The plaintiff incorporates by reference the allegations contained in paragraphs 1-58 of the plaintiff's complaint, and adopts each as if set out herein word for word.

60.    As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of her sex and the continued acts of retaliation, the plaintiff

has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

61      Furthermore, due to the discriminatory and retaliatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

JURY DEMAND

62.     The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a.      declare that the plaintiff has been subjected to unlawful discriminatory practices on account of his race;

b.      reinstatement and back pay;

c.      compensatory damages;

d.      attorney's fees;

e.      the cost of prosecuting this action;

f.      and for all other equitable, legal, and just relief.


Respectfully submitted,

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

9

By:

Austin Porter Jr.

## CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas-Central Division, on this 9th day of March 2022, using the CM/ECF system, which is designed to send notification of such filing to the following:

Mindy D. Pipkin
University of Arkansas System
Office of the General Counsel
2801 South University, SSC Suite 413
Little Rock, Arkansas 72204-1099

mdpipkin@ualr.edu

Austin Porter Jr.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 493-2021-00266 |

| | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **ANGELA BRASWELL ARMSTRONG** | **(501) 773-5188** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **27 ARNOLD COVE, LITTLE ROCK,AR 72210** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **UNIVERSITY OF ARKANSAS OF LITTLE ROCK** | **101 - 200** | **(501) 916-3180** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2801 S. UNIVERSITY, LITTLE ROCK, AR 72204** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE |
|---|
| Earliest **07-15-2020**   Latest **11-20-2020** |
| ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I worked as Community Health Program Coordinator for the University District Development Corporation, a nonprofit associated with UA Little Rock from June 2016 to September 30, 2018. On October 1, 2018, I was hired part-time (30 hours per week) by UA Little Rock perform the same job. On July 15, 2020, I filed a sexual harassment complaint against Barrett Allen, Executive Director. I was given a choice to follow a formal process or an informal process. Since Allen agreed to complete agreed to complete a sexual harassment and leadership training, I agreed to follow the informal process. On August 25, 2020, I received notification that Allen had completed the terms set forth in the agreement and the complaint was closed. After the complaint was closed, the retaliation started. On September 8, 2020, Allen sent me sick call in instructions requiring that if I call in sick then I must send an email, call his desk phone to leave a voice mail and send a text message to his personal cell phone. On September 10, 2020, Allen requested that I return to the office with a hybrid (1/2 remote hours and a 1/2 office hours). I immediately informed Allen and human resources that I was experiencing COVID symptoms and was not able to be seen by a doctor**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Angela Braswell Armstrong on 04-05-2021 01:13 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME *(month, day, year)* |

PLAINTIFF'S EXHIBIT
A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 493-2021-00266 |
| | | and EEOC |

*State or local Agency, if any*

until days later. I was required to return to work against CDC and the University's regulations of COVID.  On October 8, 2020 Allen sent email giving me directives to open my office door for security reasons.  After complying with his orders, he began frequently entering my office workspace knowing his presence in my office made me uncomfortable. Allen  instructions for me to leave my door open.  Allen began sabotaging my work.  He requested a project report in which after several revisions and efforts to satisfy his requests he kept sending back stating that it was not what he wanted.   On October 1, in a meeting to discuss the logistics of the project report. Allen became very agitated and hostile.  As punishment for not being able to provide the project report to his satisfaction, he changed my work schedule to end remote office hours. Throughout the planning process of an annual event planned with faculty and staff member, Allen was very contentious with me as well as the lead faculty member in which we continued to display non-supportive behaviors.  Allen did not approve the project on the release date which interfered with the outcome success of the project. On September 24, Allen assigned me several responsibilities that were not aligned with a part-time coordinator position. I requested a job description. When I got the job description, it did not reflect anything related to a health care coordinator position. On November 10, Allen and I met for our weekly meeting in which Allen became very belligerent. He was yelling and pointing his hand saying my job was to do what he told me to do.  On November 11, 2020, I contacted Allen's supervisor, Joni Lee and requested help and mediation.  On November 20, 2020, Lee, Allen and I met.  Lee said I would to her and not Allen; my hours would be reduced from 30 hours per week to 20 hours per week; effective immediately, I will work remotely from home; and my position will end on June 30, 2021.

I was told that I would no longer do administrative duties.  I was not given a reason as to why my position would end on June 30th.

I believe I was sexually harassed because of my sex, female, subjected to a different set of rules and work overload; my work sabotaged; my hours reduced and my position terminated; in retaliation for complaining about unlawful employment practices, in violation of Title VII of the Civil Rights Act of s1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Angela Braswell Armstrong on 04-05-2021 01:13 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Angela Braswell Armstrong**<br>**27 Arnold Cove**<br>**Little Rock, AR 72210** | From: | **Little Rock Area Office**<br>**820 Louisiana**<br>**Suite 200**<br>**Little Rock, AR 72201** |

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2021-00266** | **Margie Myers,**<br>Investigator | **(501) 324-6214** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

08/16/2021

**William A. Cash, Jr.,**
**Area Office Director**

*(Date Issued)*

Enclosures(s)

cc: **Karen Baker**
**Employee Relations Manager**
**UNIVERSITY OF ARKANSAS LITTLE ROCK**
**2801 S UNIVERSITY AVE**
**Little Rock, AR 72204**

